**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JAMES WILLIAM BAILEY, IV,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 1:05-CV-419-T |
| ) | |
| **HOUSTON COUNTY JAIL,** ) | **"DEMAND FOR JURY TRIAL"** |
| et. al., ) | |
| ) | |
| Defendants. ) | |

**SPECIAL REPORT AND ANSWER**

Come now Defendants, **CORRECTIONS OFFICER BONIN, CORRECTIONS OFFICER FITZGERALD, CORRECTIONS OFFICER MOORE, CORRECTIONS OFFICER MOON, COMMANDER McCARTY, and SHERIFF GLOVER**, in the above-styled cause and for Answer to Plaintiff's Complaint, state as follows:

1. As to Paragraph 1 of Plaintiff's Complaint, said Defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2. As to Paragraph 2 of Plaintiff's Complaint, Defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3. As to Paragraph 3 of Plaintiff's Complaint, said Defendants deny that the

constitutional rights of Plaintiff have been violated and demand strict proof thereof.

4. As to Paragraph 4 of Plaintiff's Complaint, Defendants deny that Plaintiff's constitutional rights have been violated at any time.

5. As to Paragraph 5 of Plaintiff's Complaint, Defendants deny that Plaintiff's Constitutional rights have been violated. Defendant asserts that while in the Houston County Jail, Plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding Plaintiff's Complaint and Defendants' response thereto, please refer to the **Affidavits of Corrections Officer Moore, Corrections Officer Moon, Sheriff Glover, Commander McCarty, and Nurse Speigner.**

6. As to Paragraph 6 of Plaintiff's Complaint, Defendants assert that the Plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, or alternatively portions thereof, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of Plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

The plaintiff's complaint only alleges claims for declaratory and injunctive relief which are now moot as the plaintiff is no longer incarcerated in the Houston County Jail. The plaintiff was taken into the State of Alabama prison system on or about March 24, 2005.

## FOURTH DEFENSE

The Plaintiffs cannot recover against Defendant in this case because, Alabama law provides sufficient procedural due process remedies for the allegations made by Plaintiff herein and such remedies are constitutionally adequate.

## FIFTH DEFENSE

Plaintiff is not entitled to any award of punitive damages.

## SIXTH DEFENSE

There was no policy or custom of Sheriff Lamar Glover that was executed by any employee of the Houston County Sheriff that caused any injury to the Plaintiff.

## SEVENTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## EIGHTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the Plaintiff.

## NINTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith.

## TENTH DEFENSE

The allegations contained in Plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).*

## ELEVENTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the Plaintiff concerning his alleged deprivation of civil rights.

### TWELFTH DEFENSE

All state claims against Defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. *Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).*

### THIRTEENTH DEFENSE

All federal claims against Defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution.

### FOURTEENTH DEFENSE

In addition to Defendants' Eleventh Amendment argument, they further contend that they are not "persons" within the meaning of *42 U.S.C. § 1983*. The Plaintiff, by suing Defendants in their official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under *42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).*

### FIFTEENTH DEFENSE

Said Defendants assert the defense of qualified immunity. Further, said Defendants plead the privileges, qualified immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above styled cause. Said Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff, Deputy, Corrections Officer or Sheriff Department Employee of Houston County, Alabama.

### SIXTEENTH DEFENSE

Said Defendants assert and plead the defense of substantive immunity under the law of the State of Alabama.

### SEVENTEENTH DEFENSE

Alabama law provides tort or other remedies for the allegations made by Plaintiff herein and such remedies are constitutionally adequate.

### EIGHTEENTH DEFENSE

Said Defendants assert and plead sovereign immunity provided by *Alabama Constitution 1901, §14*.

### NINETEENTH DEFENSE

Defendants assert that Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. Section 1988* to award said Defendants reasonable attorneys fees and costs incurred in the defense of this case.

### TWENTIETH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

### TWENTY-FIRST DEFENSE

Said Defendants assert that mere negligence or medical malpractice is insufficient to state a claim.  See <u>Rogers v. Evans</u>, *792 F.2d 1052 (11th Cir. 1986).*

### TWENTY-SECOND DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

### TWENTY-THIRD DEFENSE

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338,* which provides absolute immunity to all peace officers and governmental units.

### TWENTY-FOURTH DEFENSE

Defendants are entitled to immunity under state law from the state law claims asserted by the Plaintiff.

### TWENTY-FIFTH DEFENSE

That the Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(a).* Specifically, Plaintiff has filed this lawsuit against state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by *Ala. Code §41-9-60;* and Plaintiff has failed to pursue the administrative remedies available to him in the Houston County Jail by virtue of the Grievances Procedures provided to the inmates therein.

### TWENTY-SIXTH DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from Defendants who are entitled to immunity.

### TWENTY-SEVENTH DEFENSE

Further, to the extent that Plaintiff seeks damages against Defendants on the basis of state law, such claims are barred by the Eleventh Amendment to the United States Constitution as such are in essence a suit against the State of Alabama.

### TWENTY-EIGHTH DEFENSE

That the Plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

### TWENTY-NINTH DEFENSE

That, pursuant to *28 U.S.C. §1915(f),* Plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2)*.

### THIRTIETH DEFENSE

Pursuant to *28 U.S.C. §1915A,* this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from Defendants who are state officers entitled to immunity. These same standards are continued and provided for in *42 U.S.C. §1997e(c)*.

### THIRTY-FIRST DEFENSE

The Plaintiff failed to state a cause of action against these Defendants.

### THIRTY-SECOND DEFENSE

Plaintiffs' injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom defendants had no control or right of control.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims for punitive damages are barred by the provisions of *Ala. Code §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-27*.

### THIRTY-FOURTH DEFENSE

In response to Plaintiff's averments of wanton conduct and claims for punitive damages, the

defendants allege that:

1. Plaintiff's claims for punitive damages are prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 6 of the Alabama Constitution.

2. Plaintiff's claims for punitive damages are prohibited by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 6, 1 and 22 of the Alabama Constitution.

3. Plaintiff's claims for punitive damages are prohibited under the Contract Clause of Article I, Section 10 of the United States Constitution.

4. Plaintiff's claims for punitive damages violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution that the claims for punitive damages are vague and not rationally related to any legitimate government interests.

5. Plaintiff's claims for punitive damages violate the Sixth Amendment of the United States Constitution in that the claims for punitive damages are claims which are penal in nature, entitling the defendants to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

6. Plaintiff's claims for punitive damages violate the Self Incrimination Clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while the defendants are required to disclose documents and/or other evidence without safeguard against self-incrimination set out in the Fifth Amendment.

7. Plaintiffs' claims for punitive damages violate the Fifth Amendment of the United States Constitution, which prohibits deprivation of life, liberty or property except by due

process of law and that the claims for punitive damages are vague and not rationally related to any legitimate government interest.

8. Plaintiffs' claims for punitive damages violate the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on Plaintiffs is less than the "beyond a reasonable doubt" standard required in criminal cases.

9. Plaintiffs' claims for punitive damages are unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property, except by due process of law, and that the punitive damages claimed are vague and not rationally related to any legitimate governments interests.

10. Plaintiffs' claims for punitive damages are unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property, except by due process of law, in that the punitive damages claimed which are penal nature, require a burden of proof on the plaintiff which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases.

11. Plaintiffs' claims for punitive damages are unconstitutional under the Constitution of the State of Alabama in that they violate Article I, Section 6, by claiming punitive damages which are penal in nature while the defendants are compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

### THIRTY-FIFTH DEFENSE

Defendants' deny that they breached a duty or obligation owed to the Plaintiff.

### THIRTY-SIXTH DEFENSE

Defendants' assert the affirmative defense of waiver which constitutes an avoidance or affirmative defense in this action.

### THIRTY-SEVENTH DEFENSE

Defendants' assert the affirmative defense of estoppel.

### THIRTY-EIGHTH DEFENSE

Said Defendants assert the affirmative defenses of Res Judicata and Collateral Estoppel as the things and matters, or a significant part thereof, sought to be litigated by Plaintiff in this lawsuit have already been litigated with final judgement entered.

### THIRTY-NINTH DEFENSE

Defendants' assert the affirmative defense of the assumption of the risk by Plaintiff.

### FORTIETH DEFENSE

Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act, *Ala. Code §6-5-481, et seq., and §6-5-542, et seq*.

### FORTY-FIRST DEFENSE

Defendants plead the affirmative defense that the Plaintiff's complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render Defendants liable to the Plaintiff as required by *Ala. Code §6-5-551*.

### FORTY-SECOND DEFENSE

Plaintiffs' claims, separately and severally, fail to state a cause of action against these Defendants upon which relief may be granted.

### FORTY-THIRD DEFENSE

Defendants' assert the affirmative defense of the contributory negligence of Plaintiff.

**Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgement.**

                Respectfully submitted,

                \s\ Gary C. Sherrer
                GARY C. SHERRER
                Bar Number: SHE016
                Attorney for Above-Referenced Defendants
                Sherrer, Jones & Terry, P.C.
                335 West Main Street
                Dothan, Alabama 36301
                Phone: (334) 792-6213
                Fax: (334) 677-1042
                E-mail: gary@rhodes-law.com

## JURY DEMAND

DEFENDANTS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE AS PROVIDED BY LAW.

\s\ Gary C. Sherrer
OF COUNSEL

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, do hereby certify that I have served a copy of the foregoing upon James William Bailey, IV, AIS # 200587, c/o Kilby Correctional Facility, Post Office Box 150, Mt. Miegs, Alabama 36057, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 12th day of June, 2005.

\s\ Gary C. Sherrer
OF COUNSEL