IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES WILLIAM BAILEY, IV,

    Plaintiff,

v.                                                                CIVIL ACTION NO: 1:05-CV-419-T

HOUSTON COUNTY JAIL,
et. al.,

    Defendants.

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

    Before me, the undersigned authority for administering oaths, personally appeared **Samuel Moore** who is a Corrections Officer with the Houston County Sheriff's Department, who being by me first duly sworn, deposes and says as follows:

    My name is Samuel Moore, and I am over the age of nineteen (19) years and a resident of Dale County, Alabama.

    I am presently employed by Houston County Sheriff's Department as a Corrections Officer with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit. My principal duties involve the administration of the Houston County Jail. I have personal knowledge of the facts and information contained herein.

SAMUEL MOORE - AFFIDAVIT                                        PAGE 1

EXHIBIT 1

At the time of the events described in this affidavit, the plaintiff was housed in one of the cells located within the docket area of the jail because he and another inmate had previously attempted to escape from the jail.

On February 19, 2005, Officer Moon and I were called by control because the plaintiff and inmate David Wilson ("Wilson") were not staying within visual range in the multi-purpose room as required. Upon our arrival the plaintiff and Wilson went back to the area of the multi-purpose room where they could be observed by control. Later, upon entering the room, Officer Moon asked the plaintiff what he needed and the plaintiff stated, "I --k it! I don't want my roll-out time. Put me back in my damn cell." The plaintiff and Wilson were advised that this was their "roll out" time for the day and they would not "roll out" again until the next day. The plaintiff and Wilson said they knew that and wanted to go back to their cell anyway. The plaintiff and Wilson were escorted to docket and placed back in their cell. It was common for the plaintiff to refuse to shower during his assigned "roll out" time and then later demand to take a shower when he wanted to and when denied, claim that he was not allowed to take a shower at all.

Around 10:25 p.m. on February 19, 2005, I responded to an all officers call to docket. Upon arrival, the plaintiff's cell was open. The corrections officers present already had the plaintiff on the floor of the cell. Because the plaintiff reportedly assaulted the other officers and there was concern that he would do so again, the plaintiff was put into the restraint chair. When we got the plaintiff into the chair, his body began to twitch or shake. At that time, we took the plaintiff out of the chair and laid him on the floor and waited for emergency services to arrive. Sergeant Bonin placed a blanket under the plaintiff's head. As a precaution, an ambulance was called to transport the plaintiff to the hospital. Also, one or more deputies were called to the scene to investigate the assault of

corrections officer Fitzgerald. I heard the plaintiff cussing and talking generally, but the one statement I do clearly remember was when the plaintiff was being prepared for transport to the hospital, the plaintiff said to Fitzgerald, "I kicked your ass Fitzgerald, and I will do it again."

I never hit, kicked, punched, choked or assaulted the plaintiff and arrived on the scene only after the plaintiff was brought under control. Although the plaintiff was known to be violent, dangerous and a high escape risk inmate, neither I nor any other officer that I know of ever used excessive force or sought to in any way retaliate against the plaintiff. All actions taken with regard to the plaintiff were for the purpose of restoring order and maintaining security, safety and good order in the jail. Violent and dangerous inmates are fairly common in the Houston County Jail, which is a maximum security facility. As a result, we are trained and have experience with the handling of, and as may be necessary the restraining of such inmates.

*Samuel Moore*
SAMUEL MOORE

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Samuel Moore**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 12th day of August, 2005.

*Deborah J. Ennis*
NOTARY PUBLIC
My Commission Expires: 12-9-2008

SAMUEL MOORE - AFFIDAVIT                                             PAGE 3
F:\GCS\AFFIDAVS\COUNTY\MOORE\BAILEY.AFF