IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES WILLIAM BAILEY, IV,

    Plaintiff,

v.

HOUSTON COUNTY JAIL,
et. al.,

    Defendants.

CIVIL ACTION NO: 1:05-CV-419-T

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

    Before me, the undersigned authority for administering oaths, personally appeared **Stephen B. Moon** who is a Corrections Officer with the Houston County Sheriff's Department, who being by me first duly sworn, deposes and says as follows:

    My name is Stephen Moon, and I am over the age of nineteen (19) years and a resident of Houston County, Alabama.

    I am presently employed by Houston County Sheriff's Department as a Corrections Officer with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit. My principal duties involve the administration of the Houston County Jail. I have personal knowledge of the facts and information contained herein.

EXHIBIT 2

At the time of the events described in this affidavit, the plaintiff was housed in one of the cells located within the docket area of the jail because he and another inmate had previously attempted to escape from the jail.

During the only two days that I worked in the area of the jail where the plaintiff was housed, I specifically remember "roll out" (taking the plaintiff out of his cell) for his exercise time and bathing time. Both times the plaintiff refused to bathe when given the opportunity to do so.

At approximately 8:30 p.m., on February 19, 2005, Officer Moore and myself were called by central control to the multi-purpose room, which is also the inside exercise room. We were dispatched there because the plaintiff and another inmate were not staying within the visual range area in the multi-purpose room as required. At that time, the plaintiff and other inmate were in the multi-purpose room for their "roll-out" time for exercise and shower. Upon entering the room, the plaintiff stated, "F--k it! I don't want my roll-out time. Put me back in my damn cell." Officer Moore and I notified Control and we proceeded to take the plaintiff and other inmate back to docket. Officer Moore told the plaintiff and other inmate that this would be their only "roll out" time for the day and that if they refused their time they would not have "roll out" time until the next day. At that point, we returned the plaintiff and other inmate to their cell and secured the cell. I also notified the docket officer that the plaintiff had refused the rest of his "roll out" time for bathing, exercising, etc.

Some time around 10:30 p.m., while making a security check on the perimeter of the jail, I received an emergency call for all available officers to report to docket. Upon entry into docket, I smelled cap-stun and observed Officers Hudson, Fitzgerald and Culver coming out of the plaintiff's cell with the plaintiff. The plaintiff had some injury to his head and Officer Fitzgerald also had injuries to his face.

**STEPHEN MOON - AFFIDAVIT**                                                                 **PAGE 2**

Because the plaintiff reportedly assaulted the other officers and there was concern that he would do so again, the plaintiff was put into the restraint chair. When we got the plaintiff into the chair, his body began to twitch or shake. At that time, we took the plaintiff out of the chair and laid him on the floor and waited for emergency services to arrive. One or more deputies arrived on the scene and questioned the plaintiff about what had happened. I heard the plaintiff say, "Officer Fitzgerald sprayed me. I told him spray wasn't shit! Then I hit him (meaning Officer Fitzgerald) in the head." The plaintiff also said in my presence at the jail what he had said several times before -- he said, "I have four life sentences and I do not give a f--k about any of you. I have nothing to lose."

At this time I went to check on Officer Fitzgerald and prepared to transport him first to the Southeast Alabama Medical Center to give his statement and then to Flowers Hospital for treatment.

It was approximately 11:45 p.m., when I took Officer Fitzgerald to the medical center so that he could file a report with the investigating deputy regarding the incident where the plaintiff assaulted Officer Fitzgerald. While at the medical center, the plaintiff proceeded to make statements in our presence. The plaintiff looked at Officer Fitzgerald and stated, "I kicked your ass, Fitz." The plaintiff then stated, "I have four life sentences; I got nothing to lose." As he stated that, the plaintiff laughed about it. As Officer Fitzgerald and I turned to leave to go to Flowers Hospital, the plaintiff angrily stated, "If any other officer comes into my cell, touches me or don't give me my shower when I want it, I'm gonna jump on them too, and I'm gonna kick their ass." Based on my experience, the plaintiff wanted to control when he went for his shower and refused to go at his assigned time. At that time, Officer Fitzgerald and I left the emergency room of the medical center.

I never hit, kicked, punched, choked or assaulted the plaintiff and arrived on the scene only

STEPHEN MOON - AFFIDAVIT                                                                        PAGE 3

after the plaintiff was brought under control. Although the plaintiff was known to be violent, dangerous and a high escape risk inmate, neither I nor any other officer that I know of ever used excessive force or sought to in any way retaliate against the plaintiff. All actions taken with regard to the plaintiff were for the purpose of restoring order and maintaining security, safety and good order in the jail. Violent and dangerous inmates are fairly common in the Houston County Jail, which is a maximum security facility. As a result, we are trained and have experience with the handling of, and as may be necessary the restraining of such inmates. From the time the plaintiff was taken to the hospital on February 19, 2005, I never saw or encountered the plaintiff again before he was sent to the state department of corrections on March 24, 2005.

_____
STEPHEN B. MOON

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Stephen B. Moon**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 12th day of August, 2005.

_____
NOTARY PUBLIC
My Commission Expires: 12-9-2008