IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILLIAM BAILEY, IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 1:05-CV-419-T |
| ) | |
| HOUSTON COUNTY JAIL, ) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **William B. McCarty** of the Houston County Sheriff's Department, who is the Commander-Jail Operations for the Houston County Sheriff, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am William B. McCarty and I am the Commander-Jail Operations of the Houston County Jail, Houston County, Alabama and have been employed by the Houston County Sheriff since June of 2004. My principal duties involve the administration of the Houston County Jail. Unless otherwise indicated herein, I have personal knowledge of the facts and information contained herein. I make this affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's

WILLIAM B. McCARTY AFFIDAVIT                                                           PAGE 1

EXHIBIT 4

Complaint in an attempt to address plaintiff's claims in this case.

The plaintiff is no longer incarcerated in the Houston County Jail and was sent to the state prison system on March 24, 2005.

According to the jail records and reports from jail staff, while in the Houston County Jail the plaintiff was disciplined many times for various violations of the jail's rules and regulations; however, he was never falsely disciplined and had the opportunity to appeal to the jail commander every disciplinary decision that was made. I have reviewed the plaintiff's inmate file and find that the disciplinary action taken with regard to the plaintiff was warranted and is documented in his jail inmate file.

The Houston County Jail, as a part of the Inmate Rules and Regulations, provides for an inmate Grievance Procedure. The plaintiff has not filed any grievance related to any of the claims presented to this court in this lawsuit.

The Houston County Jail has procedures and forms for the filing and hearing of inmate grievances and neither the forms nor procedures were used by the plaintiff in his attempt to fabricate after the fact that he filed grievances while in the Houston County Jail. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the Inmate Rules of the Houston County Jail which contain the inmate instructions on filing a grievance are attached hereto as **Exhibit A** and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-301 of the Houston County Jail Policy and Procedure Directive relating to Inmate Rules and Regulations is attached hereto as **Exhibit B** and is incorporated herein by reference as if fully set forth. A true and

correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-302 of the Houston County Jail Policy and Procedure Directive relating to Receipt of Inmate Rules and Regulations is attached hereto as **Exhibit C** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the plaintiff's Jail Docket Card showing that the plaintiff received a copy of the Inmate Rules even though he refused to sign the card as well as previous docket cards that were signed by the plaintiff that he a copy of the Inmate Rules are attached hereto collectively as **Exhibit D**, and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of an Inmate Grievance Form available to and as provided to inmates is attached hereto as **Exhibit E**, and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-401 of the Houston County Jail Policy and Procedure Directive relating to Inmate Grievances is attached hereto as **Exhibit F** and is incorporated herein by reference as if fully set forth.

    I am one of the custodians of the records maintained by the Houston County Jail. A true and correct copy of the plaintiff's jail inmate file as maintained by the officers of the Houston County Jail in the ordinary course of the Jail's day to day business is attached hereto as **Exhibit G, A** and is incorporated herein by reference as if fully set forth.

    Even though I am actively involved in the daily administration of the jail, I was not actively, directly or personally involved in the allegations made by the plaintiff relative to the events of Saturday, February 19, 2005.

I am not personally or directly involved in the provision of medical treatment to inmates in the Houston County Jail. With regard to Plaintiff's claims related to medical testing or treatment/denial of medical treatment, the policy of the Houston County Jail is that all requests for medical treatment are forwarded to one of the nurses on duty with the expectation that appropriate and necessary medical treatment will be provided to or obtained for the inmate. I was not personally and directly involved in the provision of medical care to the Plaintiff.

In addition to the forgoing, while he was in the jail, the plaintiff was seen almost every day by one of the nurses when they would give out medications. The nurses on duty in the jail would go onto the jail floors every day for the dispensing of medications. That was also a time when inmates had an opportunity to personally tell one of the nurses if they have a medical problem and want to be placed on the jail medical clinic list. The Inmate Rules provide in pertinent part that "Inmates who are ill or have a medical complaint will fill out an inmate request form." See Inmates Rules, Exhibit 1. No such inmate request form was submitted by the Plaintiff regarding his injuries.

Upon information and belief, the plaintiff was, during the period of time made the basis of Plaintiff's complaint, provided necessary medical testing, treatment and care while in the Houston County Jail.

Upon information and belief, the plaintiff was not subjected to excessive force while incarcerated in the Houston County Jail. The claims of the plaintiff relative to excessive are false.

With regard to plaintiff's claims related to showers and time out of his cell, the plaintiff is provided soap, tooth brush and tooth paste every day and the opportunity to take a shower, brush his teeth and exercise every day.

Plaintiff's allegations that he was placed in the restraint chair for eight to twelve hours and that he urinated and defecated on himself are also false and no such thing occurred in the Houston County Jail. Based on my personal experience relative to the plaintiff, the plaintiff is very manipulative and does not hesitate to lie or exaggerate in order to try to manipulate the system.

Sheriff Lamar Glover is not actively involved in the day to day operations of the jail and was not directly or personally involved in the events allegedly giving rise to the plaintiff's claims.

WILLIAM B. McCARTY

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **William B. McCarty**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 12th day of August, 2005.

NOTARY PUBLIC
My Commission Expires: 12-9-08