IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES W. BAILEY, IV, #200587,      )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )      CIVIL ACTION NO. 1:05-CV-419-MHT
                                    )                [WO]
                                    )
SGT. BONNIN, et al.,                )
                                    )
        Defendants.                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, James W. Bailey, IV ["Bailey"], a state inmate,

challenges the constitutionality of actions taken against him during his incarceration at the

Houston County Jail in February of 2005.[1]  Specifically, Bailey complains that jail officials

violated his constitutional rights when they denied him a shower for five days, utilized

excessive force against him on two separate occasions, placed him in a restraint chair for

8 to 12 hours after the second alleged incident of excessive force, and deprived him of

adequate medical treatment for injuries suffered in the aforementioned physical

altercations.  He names officers Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and

Fitzgerald, correctional personnel employed at the Houston County Jail, Lamar Glover, the

---

[1]Initially, Bailey alleged that the actions about which he complains occurred in March of 2005. However, Bailey later clarifies and the defendants concede that the allegations contained in the complaint relate to incidents which occurred in February of 2005.

sheriff of Houston County, Alabama, and William B. McCarty, commander of jail operations for the Houston County Jail, as defendants in this cause of action. Bailey seeks monetary damages for the alleged violations of his constitutional rights.

The defendants filed a special report and supporting evidentiary materials addressing Bailey's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment. *Order of August 15, 2005 - Court Doc. No. 16.* Hence, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and the plaintiff's response in opposition to this motion, the court concludes that the defendants' motion for summary judgment is due to be granted in part and denied in part.

## I. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Bailey is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250.

"A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a properly supported motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the

evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not thereby escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Bailey has demonstrated a genuine issue of material fact in order to preclude summary judgment with respect to (i) his February 19, 2005 excessive force claim against defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald, and (ii) the claim against defendants Glover and McCarty challenging the constitutionality of procedures implemented at the Houston County Jail allowing use of a restraint chair. *Matsushita*, *supra*. However, the defendants are entitled to summary judgment on Bailey's remaining claims for relief.

4

## II.  DISCUSSION[2]

### A.  The Request for Criminal Prosecution

Throughout his complaint, Bailey argues the actions of the defendants violated provisions of the Alabama Criminal Code and seeks prosecution of the defendants by the State.  In order to proceed on a claim under 42 U.S.C. § 1983, the conduct complained of must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981).  A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."  *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).  Consequently, Bailey has no constitutionally protected interest in the prosecution of the defendants and this claim is therefore subject to dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Absolute Immunity

To the extent Bailey sues the defendants in their official capacities, they are immune from monetary damages.  Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity."  *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  Under all facets of Alabama law, a county sheriff and his jailers act as state officers "when

---

[2]On January 14, 2005, law enforcement officials arrested Bailey on a fugitive warrant issued by the Alabama Department of Corrections due to his violation of parole.  Thus, the actions which form the basis of the instant complaint occurred during Bailey's incarceration in the Houston County Jail as a convicted inmate and the Eighth Amendment therefore provides the appropriate standard for assessing whether the defendants acted in violation of his constitutional rights.

supervising inmates and otherwise operating the county jails." *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates sheriff as member of State's executive department); *see also Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) (county sheriff is executive officer of the State). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state officials entitled to Eleventh Amendment immunity when sued in their official capacities. Thus, the defendants are entitled to absolute immunity from the claims asserted by the plaintiff against them in their official capacities.

## C. Denial of Shower

Bailey asserts the defendants denied him a shower for five days. The defendants dispute this allegation and argue that Bailey had access to a shower during his daily "roll

6

out" time but refused to take a shower during these times. "It was common for the plaintiff to refuse to shower during his assigned 'roll out' time and then later demand to take a shower when he wanted to and when desired, [and then] claim that he was not allowed to shower." *Defendant's Exhibit 1 - Court Doc. No. 15-2 (Affidavit of Samuel Moore)* at 2; *Defendant's Exhibit 2 - Court Doc. No. 15-3 (Affidavit of Stephen Moon)* at 2 (plaintiff allowed "'roll out' (taking the plaintiff out of his cell) for exercise time and bathing time ... [but he] refused to bathe when given the opportunity to do so."); *Defendant's Exhibit 4 - Court Doc. No. 15-5 (Affidavit of William B. McCarty)* at 4 ("With regard to plaintiff's claim related to showers and time out of his cell, the plaintiff is provided soap, tooth brush and tooth paste every day and the opportunity to take a shower, brush his teeth and exercise every day.").

Jail officials may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Only those conditions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Id.* at 347. Moreover, a constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th

7

Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844.  Thus, in order to survive summary

judgment on any claim challenging a condition of confinement, the plaintiff is "required

to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants'

deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d

1579, 1582 (11th Cir. 1995).  "[D]eliberate indifference is a stringent standard of fault,

requiring proof that [the] actor disregarded a known or obvious consequence of his action."

*Board of County Commissioners v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1391, 137

L.Ed.2d 626 (1997); *see also Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir.1995).

Living conditions within a jail will constitute cruel and unusual punishment when

the conditions involve or result in "wanton and unnecessary infliction of pain, [or] ... [are]

grossly disproportionate to the [reason for] imprisonment." *Rhodes v. Chapman*, 452 U.S.

337, 347 (1981).  "Conditions ... alone or in combination, may deprive inmates of the

minimal civilized measure of life's necessities.  Such conditions could be cruel and unusual

under the contemporary standard of decency....  But conditions that cannot be said to be

cruel and unusual under contemporary standards are not unconstitutional." *Rhodes*, 452

U.S. at 347.  To determine whether conditions of confinement constitute cruel and unusual

punishment, the court must look to the effect the condition has upon the inmate.  *Id*. at 366.

In a case involving conditions of confinement generally or several different conditions, the

court should consider whether the claims together amount to conditions which fall below

constitutional standards.  *Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985), *cert.

denied Hamm v. De Kalb County*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L. Ed. 2d 894 (1986);

*see also Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

Bailey complains that for a five-day period during his incarceration in the Houston County Jail the defendants denied him the opportunity to shower. The defendants filed probative evidentiary materials which refute this claim. Specifically, the affidavits and other relevant documents submitted by the defendants indicate that correctional officials provided Bailey access to a shower during designated times and Bailey simply refused to shower during the times allotted to him, instead seeking to shower at the time of his choosing.

Bailey has failed to meet his burden on summary judgment of establishing that the actions of the defendants resulted in a denial of the minimal civilized measure of life's necessities or subjected him to a wanton and unnecessary infliction of pain. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Rhodes v. Chapman*, 452 U.S. at 347. Furthermore, Bailey has failed to demonstrate any deliberate indifference or reckless disregard by the named defendant with respect to his health or safety. *Farmer v. Brennan, supra.* Consequently, summary judgment is due to be granted in favor of the defendants on the lack of shower claim.

### D. Allegations of Excessive Force

Bailey asserts that on February 19, 2005, he voiced complaints with regard to the denial of a shower. He alleges that without provocation defendants Bonnin, Marshal,

Moon, Moore, Huchenson, Goodson and Fitzgerald entered his cell and assaulted him.[3] Specifically, Bailey maintains that these officers choked him, sprayed him with mace and repeatedly struck him with a metal baton rendering him unconscious. Bailey contends he suffered lacerations to his head, back and face, broken fingers and multiple contusions as a result of this altercation.

Bailey maintains that on the following morning several correctional officers, none of whom he lists as defendants in this case, entered his cell and for no reason again assaulted him. *Plaintiff's Complaint - Court Doc. No. 1* at 3. He alleges this assault consisted of being stunned, choked and punched in the stomach. Bailey also complains these officers placed him "in a restraint chair [for several hours] to urinate and defecate on [himself]." *Id*. He alleges the officers involved in this incident refused him medical treatment for injuries related to this assault.

The defendants deny violating the plaintiff's constitutional rights. Specifically, it is undisputed that defendants Glover and McCarty had no personal involvement with the incidents about which the plaintiff complains. Additionally, the remaining defendants maintain that with respect to the February 19, 2005 incident they used only that amount of force necessary to subdue Bailey after he voiced verbal threats to jail personnel, refused several direct orders given to him by defendant Fitzgerald, struck this defendant in the face, grabbed the officer by the head and placed his arm around the officer's throat. The

---

[3]The claims pending in this case are gleaned from a thorough review of the complaint and other documents filed by the plaintiff.

defendants further maintain that at no other time did they or any correctional officer use excessive force against inmate Bailey.

### E.  Excessive Force and Medical Treatment Claims Against

### Defendants Glover and McCarty

It is undisputed that defendants Glover and McCarty did not personally participate in the uses of force or denials of medical treatment about which Bailey complains. Moreover, the evidentiary materials submitted by the defendants demonstrate that the alleged unconstitutional actions did not occur pursuant to a policy enacted by either of these defendants.

A defendant cannot be held liable under § 1983 based on a theory of respondeat superior or on the basis of vicarious liability.  *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006), *cert. denied*, ____ U.S.____, 127 S.Ct. 2428 (2007) ("Supervisory officials cannot be held liable under § 1983 for the unconstitutional actions of their subordinates based on respondeat superior liability.  *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999)."); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  "Instead, supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation."  *Gray*, 458 F.3d at 1308 (citation omitted); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).  Bailey does not allege that defendants Glvoer and McCarty personally participated in the uses of force or

denials of medical treatment made the basis of the instant complaint. Thus, the court must address his claims against these defendants under the second prong. Under such method of liability, "'[t]he causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.' [*Hartley*, *supra*.] (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)." *Gray*, 458 F.3d at 1308. Furthermore, to sufficiently notify the supervisor, the deprivations must not only be widespread, they also "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown*, 906 F.2d at 671.

Defendants Glover and McCarty did not personally participate in the applications of force or medical treatment about which the plaintiff complains. Bailey has also presented no probative evidence of obvious, flagrant or rampant abuse of continuing duration in the face of which Glover and McCarty failed to take corrective action. The court therefore concludes that the motion for summary judgment as to Bailey's claims related to the excessive use of force and denial of medical treatment against defendants Glover and McCarty in their individual capacities are due to be granted.

**F. February 19, 2005 Excessive Force Claim Against Defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald**.

Defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald argue that they are entitled to qualified immunity on the plaintiff's excessive force claim.

12

However, the law of this Circuit precludes a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986). "Moreover, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich*, 280 F.3d at 1301. Thus, a qualified immunity defense is not available when a plaintiff alleges the use of excessive force and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment, unless the force used was *de minimis* in nature. *Id.* at 1302; *see also Hudson,* 503 U.S. at 9-10; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). Accordingly, this court will consider whether the plaintiff's claims that defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald used excessive force against him, which the court must take as true for purposes of summary judgment, set forth violations of his Eighth Amendment rights.

> Under the Eighth Amendment, force is deemed legitimate in a
> custodial setting as long as it is applied "in a good faith effort
> to maintain or restore discipline [and not] maliciously and
> sadistically to cause harm." *Whitley v. Albers*, 475 U.S. 312,
> 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting
> *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)); *see also*

>*Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117
>L.Ed.2d 156 (1992).  To determine if an application of force
>was applied maliciously and sadistically to cause harm, a
>variety of factors are considered including: "the need for the
>application of force, the relationship between that need and the
>amount of force used, the threat reasonably perceived by the
>responsible officials, and any efforts made to temper the
>severity of a forceful response."  *Hudson*, at 7-8, 112 S.Ct.
>995; *see also Whitley*, 475 U.S. at 321, 106 S.Ct. 1078; *Harris
>v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).  From
>consideration of such factors, "inferences may be drawn as to
>whether the use of force could plausibly have been thought
>necessary, or instead evinced such wantonness with respect to
>the unjustified infliction of harm as is tantamount to a knowing
>willingness that it occur."  *Whitley*, 475 U.S. at 321, 106 S.Ct.
>1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

In *Hudson*, the Court held that the use of excessive physical force against a prisoner

may constitute cruel and unusual punishment even though the prisoner does not suffer

serious injuries.  *Id*. 503 U.S. at 9; *but see Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.

1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a

judge's chambers, violates a prisoner's constitutional rights").  An excessive force claim

likewise "necessarily excludes from constitutional recognition *de minimis* uses of physical

force, provided that the use of force is not a sort 'repugnant to the conscience of

mankind.'" *Hudson*, 503 U.S. at 9-10 (quoting *Whitley*, 475 U.S. at 327).  In *Hudson*, the

Court did not define "*de minimis* use of force" but suggested that the degree of injury

received is at least relevant to determining whether more than *de minimis* force was used.

14

*Id.* at 10.

Bailey contends defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald employed force which was excessive, unprovoked and unjustified. Bailey maintains that as a result of this attack he suffered a severe laceration to his face/head which required stitches, additional lacerations to his face, back and hands, broken fingers, several bruises and seizures. Bailey also contends the attack left him in a state of unconsciousness. Defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald deny utilizing excessive force against Bailey. In support of this assertion, the defendants argue they utilized force in response to Bailey's aggressive actions and only that amount of force necessary to control Bailey.

As indicated herein, Bailey contends that defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald employed physical force against him for no apparent reason and while he posed no threat. The defendants deny Bailey's allegations regarding the use of excessive force. When viewing the facts in the light most favorable to Bailey, this court concludes that defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald are not entitled to qualified immunity as Bailey alleges facts sufficient to survive a motion for summary judgment. *Skrtich*, 280 F.3d at 1301. Consequently, the motion for summary judgment with respect to the excessive force claim arising from the February 19, 2005 altercation against defendants Bonnin, Marshal,

Moon, Moore, Huchenson, Goodson and Fitzgerald in their individual capacities is due to be denied.

### G.  Medical Treatment for February 19, 2005 Injuries

Bailey alleges defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald denied him medical treatment after the February 19, 2005 altercation. The defendants deny this allegation and present numerous probative evidentiary materials which refute such allegation.

To prevail on a claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those responsible for providing such treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, jail officials and medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). "In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth [or Fourteenth] Amendment.' *Estelle,* 429 U.S.

at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787.  Medical treatment violates the eighth

amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock

the conscience or to be intolerable to fundamental fairness.'  *Rogers,* 792 F.2d at 1058

(citation omitted).  Mere incidents of negligence or malpractice do not rise to the level of

constitutional violations.  *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical

malpractice does not become a constitutional violation merely because the victim is a

prisoner.'); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice 'not

sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical

malpractice does not constitute deliberate indifference).  Nor does a simple difference in

medical opinion between the prison's medical staff and the inmate as to the latter's

diagnosis or course of treatment support a claim of cruel and unusual punishment.  *See*

*Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))."

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Hamm v. DeKalb County*, 774

F.2d 1567 (11th Cir. 1985) (mere fact that a prisoner desires a different mode of medical

treatment does not amount to deliberate indifference).  Jail personnel may be held liable

under either the Eighth Amendment only for acting with deliberate indifference to an

inmate's health when they know that the inmate faces a substantial risk of serious harm and

disregard that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*,

511 U.S. 825 (1994).

The undisputed jail/medical records submitted by the defendants demonstrate that within a few minutes after the incident correctional officials summoned emergency services to provide medical assistance to Bailey. Based on Bailey's condition, the emergency medical technicians deemed it appropriate to transport Bailey to the Southeast Alabama Medical Center for evaluation and treatment. Darla Jane Speigner, a registered nurse employed by the Houston County Jail, summarizes Bailey's visit to the hospital as follows:

.... According to the records of the Southeast Alabama Medical Center (a copy of which is a part of his jail medical file [and produced as exhibits to the defendants' special report]), the emergency room physician notes that "patient states [he] got in a fight in Houston County Jail" as the cause of the plaintiff's injuries. The admitting nurse noted that the plaintiff told her that the plaintiff "picked fight in jail, got pepper sprayed by officer in eyes - fell down and hit head on bench." The hospital records reflect that the plaintiff had a contusion (bruise) over his right eye just below the scalp. The records also reflect that the plaintiff also had a laceration (cut) that was 1.5 centimeter (less than one-half inch) in length for which the plaintiff received two stitches. While at the hospital the plaintiff was given a CT scan of his head which was normal, but some soft tissue swelling at the scalp was noted, which is consistent with the bruise found during his physical examination by the emergency room physician. The plaintiff's cervical spine and lumbar spine were x-rayed, and the radiologist report finds plaintiff's cervical and lumbar spine x-rays to be normal.

The emergency room record reflects that the plaintiff was not admitted, but was discharged with no follow-up orders given. At the time of discharge the plaintiff was noted to be in no distress. Upon discharge the plaintiff was prescribed Anaprox which is a non-steroidal, non-narcotic anti-inflammatory medicine....

*Defendants' Exhibit 5 - Court Doc. No. 15-14 (Affidavit of Darla Jane Speigner)* at 3-4.

The evidence before the court does not demonstrate that the defendants disregarded

18

a substantial risk to Bailey's health by denying him medical treatment for injuries suffered on February 19, 2005. Thus, Bailey has failed to establish that the defendants acted with deliberate indifference. Summary judgment is therefore due to be granted in favor of the defendants on this claim.

### H.  February 20, 2005 - Use of Force and Denial of Medical Care

Bailey alleges that on this date several correctional officers entered his cell and assaulted him. He asserts that after this assault the officers involved in the assault denied him medical treatment. In the facts supporting this claim, Bailey references an officer "Cody and 9 more [officers]." *Plaintiff's Complaint - Court Doc. No. 1*. However, Bailey does not list any of these officers as defendants in this caus of action. Consequently, the defendants' motion for summary judgment with respect to the excessive force and denial of medical treatment alleged to have occurred on February 20, 2005 is due to be granted.

### I.  February 20, 2005 - Use of Restraint Chair

Bailey complains that the correctional officers involved in the February 20, 2005 assault placed him in a restraint chair for several hours without access to food, water or toilet facilities. He alleges that while restrained in the chair he urinated and defecated on himself. Bailey maintains defendants Glover and McCarty are solely responsible for implementation and administration of jail procedures which allow unrestricted use of the restraint chair by correctional officers of the Houston County Jail. *Plaintiff's Response to*

*the Defendants' Special Report - Court Doc. No. 24* at 3. He makes no allegations against defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald with respect to this specific incident. Upon review of the pleadings filed herein, the court concludes that the motion for summary judgement is due to be denied as to defendants Glover and McCarty and due to be granted in favor of the remaining defendants.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's request for criminal prosecution of the defendants be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The motion for summary judgment with respect to the plaintiff's claims for monetary damages against the defendants in their official capacities be GRANTED and such claims DISMISSED with prejudice as the defendants are entitled to absolute immunity from these claims.

3. The motion for summary judgment filed on behalf of defendants Lamar Glover and William B. McCarty with respect to the plaintiff's excessive force and medical treatment claims be GRANTED.

4. The motion for summary judgment as to the plaintiff's February 19, 2005 excessive force claim against defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald in their individual capacities be DENIED.

5.  The motion for summary judgment be GRANTED in favor of defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald with respect to the plaintiff's claim alleging a denial of medical treatment for injuries suffered in the February 19, 2005 altercation.

6.  The motion for summary judgment be GRANTED in favor of defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald with respect to the plaintiff's claims challenging the use of force and medical treatment provided on February 20, 2005 altercation.

7.  The motion for summary judgment as to the plaintiff's challenge to use of a restraint chair on February 20, 2005 against defendants Glover and McCarty in their individual capacities be DENIED.

8.  The plaintiff's excessive force claim against defendants Bonnin, Marshal, Moon, Moore, Huchenson, Goodson and Fitzgerald in their individual capacities arising from the February 19, 2005 physical altercation be set for a jury trial.

9.  The plaintiff's claim challenging the constitutionality of the procedure(s) implemented at the Houston County Jail allowing use of a restraint chair against defendants Glover and McCarty in their individual capacities be set for a jury trial

It is further

ORDERED that on or before February 4, 2008 the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of January, 2008.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE