IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILLIAM BAILEY, IV, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 1:05-CV-419-MHT |
| | ) |
| SGT. BONNIN, et al., | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER AND MOTION TO AMEND COMPLAINT TO NAME PROPER PARTY**

Plaintiff James William Bailey, IV responds to the Court's show cause order (doc. no. 81) and further moves the Court to allow him to file the Amended Complaint, attached hereto as Exhibit A. As grounds therefore, Plaintiff shows as follows:

1. Plaintiff agrees that because it appears that Corrections Officer Goodson is nonexistent he should be dismissed from this action.

2. Plaintiff mistakenly named Corrections Officer Goodson when he intended to name Corrections Officer Culver.

3. Corrections Officer Culver was involved in the circumstances described on February 19, 2005, which gave rise to the Complaint.

4. Plaintiff intended to name all parties involved in the circumstances on February 19, 2005, which gave rise to the Complaint and inadvertently named Corrections Officer Goodson, instead of Corrections Officer Culver.

5. Pursuant to Rule 15(c)(3) of the *Federal Rules of Civil Procedure* an amendment to the complaint will relate back to the date of the original pleading where the claim arose out of the conduct or occurrence set forth in the original complaint and when the amendment changes

191283.1

the name of a party and that party "(A) has received . . . notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *See* 6A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1498 ( 2d ed.1990) ("with respect to relation back and a misnamed defendant . . . if the party to be added received notice of the institution of the action within the period provided for service . . . so as not to be prejudiced in maintaining a defense, and knew or should have known that but for a mistake concerning the identity of the property party, the action would have named that party, relation back it proper."); *Sims v. Scott*, 873 F. Supp. 585, 611-12 (M.D. Ala. 1994) (noting "Rule 15(c) was intended to protect a plaintiff who *mistakenly* names a party and then discovers, after the statute of limitations has run, the identity of the proper party") (quotation omitted).

6. Corrections Officer Culver knew or should have known that but for Plaintiff's mistaken naming of Corrections Officer Goodson, he would have been named. Moreover, Corrections Officer Culver likely received notice of Plaintiff's action as the Houston County Jail was named as a defendant as well as the other corrections officers who were involved in the circumstances on February 19, 2005, which gave rise to the Complaint, were provided notice.

7. Corrections Officer Culver completed a "Statement Form" regarding the circumstances on February 19, 2005, which gave rise to the Complaint, and in which he was involved. This statement was filed in support of Defendants' Special Report. (doc. no. 15-7.) Corrections Officer Culver will not be prejudiced, as the allegations against him are the same as those made against "Corrections Officer Goodson" whom Plaintiff mistakenly named.

Accordingly, Corrections Officer Culver's interests have been protected by the Defendants' defense of "Corrections Officer Goodson."

WHEREFORE Plaintiff respectfully moves this Court to allow the filing of the Amended Complaint (attached hereto as Exhibit A) to change the defendant named as Corrections Officer Goodson to Corrections Officer Culver.

Respectfully submitted this 17th day of April, 2008.

                                                 s/Joseph Seawell Moore
                                                 One of the attorneys for Plaintiff

OF COUNSEL:
Kelly F. Pate (FIT014)
Joseph Seawell Moore (MOO106)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101
334/834-6500
334/269-3115 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States mail, properly addressed and postage prepaid, on this 17th day of April, 2008:

Gary C. Sherrer
Sherrer, Jones & Terry, P.C.
Post Office Box 7122
Dothan, AL 36301

                                                 s/Joseph Seawell Moore
                                                 Of Counsel