IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAM BAILEY, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-CV-419-MHT |
| | ) | |
| SGT. BONIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT ADDING NEW PARTY DEFENDANT

COMES NOW Defendant Corrections Officer Culver ("Culver") and submits his memorandum brief in opposition to Plaintiff's motion to amend complaint adding new party Defendant.

### INTRODUCTION

The Plaintiff, James William Bailey, has brought suit under 42 U.S.C. § 1983 against Corrections Officer Culver, in his individual and official capacity as a Corrections Officer at the Houston County Jail. Plaintiff's Complaint alleges that at some time(s) during the period beginning February 19, 2005 and ending February 20, 2005 the Defendants denied him a shower for five days, utilized excessive force against him on two occasions and deprived him of adequate medical treatment for injuries suffered in the aforementioned physical altercations. In his complaint filed May 5, 2005, the Plaintiff named officers Bonnin, Marshal, Moon, Moore, Hucheson, Goodson, and Fitzgerald, corrections officers employed at the Houston County Jail, Lamar Glover, the Sheriff of Houston County, Alabama and William B. McCarty, Commander of jail operations for the Houston County

1

Jail, as Defendants. The Plaintiff did not make any allegations against Culver. Said Defendants filed their Special Report and Answer with this Court on August 12, 2005, attaching thereto as an exhibit Plaintiff's inmate file (Doc. No.(s) 15-7 through 15-13). The jurisdiction of this court is based on federal question subject matter jurisdiction, not diversity of citizenship.

## ARGUMENT

I.    **Since Plaintiff's cause of action accrued more than two years before the filing of the Plaintiff's First Amended Complaint, it is time barred.**

Plaintiff an inmate in the Houston County Jail, alleges that all of the facts and circumstances giving rise to Plaintiff's Complaint occurred in March, 2005 (events actually took place on February 19 and 20, 2005). Plaintiff's Complaint was filed May 5, 2005 and Defendants' responsive report was filed August 12, 2005.

For the applicable statute of limitations for actions brought under 42 U.S.C § 1983, federal courts must look to the general residual statute of limitations for personal injury actions under state law. Owens v. Okure, 488 U.S. 235 (1989). The general residual statute of limitations for personal injury actions is found in Ala. Code § 6-2-38(1) which sets out a two year limitations period.

As a result, the applicable statute of limitations this action brought under 42 U.S.C. § 1983, is two years. In this case, any alleged tortious conduct would have ceased on February 20, 2005, per the Plaintiff's complaint. Plaintiff's amended complaint which for the first time makes claims against Culver was not filed until April 17, 2008 and is time barred.

II.    **The filing of the First Amended Complaint adding Corrections Officer Culver does not relate back to the original filing of Plaintiff's Complaint on May 5, 2005.**

Even if Plaintiff had filed the First Amended Complaint within the two year statute of limitations, the action against Culver would still not be timely filed. The First Amended Complaint does not relate back to the original Complaint under Rule 15 of the Federal Rules of Civil Procedure which governs relation back of amendments to pleadings in federal court. Only under limited circumstances does an amended complaint relate back to the date of the original complaint. *Fed. R. Civ. P. 15(c)(3)* provides that an amendment to a complaint that changes the party or the naming of the party relates back if the party to be brought in was served within 120 days of the filing of the original complaint and the party received notice of the suit and knew or should have known the action would have been brought against him except for mistakes concerning the identity of the party. (*See* Seegars v. Whittle, 258 F. Supp. 2d 1370 (SD GA, 2002)).

Plaintiff's First Amended Complaint was not filed until April 17, 2008, and unless this amended complaint (seeking only to add an additional party Defendant) relates back to the filing of Plaintiff's original complaint on May 5, 2005, Plaintiff's § 1983 claims expired on February 20, 2007.    In Pompey v. Lumpkin, 321 F. Supp. 2d 1254 (M.D. Ala.2004), this Court in a case involving similar facts identified and applied the law and arguments material to Culver's opposition to Plaintiff's Motion to Amend Complaint. Culver asserts that the same legal and factual analysis applied in Pompey applies in the instant case.

Culver asserts that *Fed R. Civ. P. 15(c)(3)* controls whether the Plaintiff's First Amended Complaint relates back to the original complaint where as here the Plaintiff has

amended his complaint after the running of the statute of limitations. This case is a
federal question (Section 1983) cause of action. *Fed R. Civ. P. 15(c)(3)* provides that:

> *Relation Back of Amendments.* An amendment of a pleading
> relates back to the date of the original pleading when:
> (3) the amendment changes the party or the naming of the party
> against whom a claim is asserted if the foregoing provision (2) is satisfied
> and, within the period provided by *Rule 4(m)* for service of the summons
> and complaint, the party to be brought in by amendment (A) has received
> such notice of the institution of the action that the party will not be
> prejudiced in maintaining a defense on the merits, and (B) knew or should
> have known that, but for *a mistake concerning the identity of the proper
> party,* the action would have been brought against the party.

*Fed R. Civ. P. 15(c)(3)* (emphasis added).

Culver asserts that, contrary to Plaintiff's assertion that he "knew or should have
known that but for Plaintiff's mistaken naming of Corrections Officer Goodson, he would
have been named," he did not in fact know. The only substantiation for the Plaintiff's
assertion is that Corrections Officer Culver "completed a 'Statement Form' regarding the
circumstances on February 19, 2005." Culver asserts that having knowledge of factual
information about a situation that resulted in others being sued is not the equivalent of
"knew or should have known."

*Fed R. Civ. P. 4(m)* that is referred to in *Fed R. Civ. P. 15(c)(3)* provides for a
period of 120 days for service of process, but if service is not accomplished within 120
days, the court may "direct that service be effected within a specified time." In addition,
*Fed R. Civ. P. 4(m)* provides that if a Plaintiff "shows good cause for the failure" to serve
process, "the court shall extend the time for service for an appropriate period." Culver
did not receive actual notice of this suit within 120 days of its being filed. Culver did not
receive actual notice of this suit until April 17, 2008 more than three years after the suit
was filed.

4

Even if the good cause provision of *Fed. R. Civ. P. 4(m)* applies to the period within which a new Defendant must receive notice under *Rule 15(c)(3)*, the Plaintiff has not shown good cause for an extension. Plaintiff's original complaint was filed on May 5, 2005, the 120 day period expired September 2, 2005. The Plaintiff filed his First Amended Complaint on April 17, 2008 which is 1078 days (almost three years) after the original complaint was filed. Plaintiff's Response to Show Cause Order and Motion to Amend Complaint to Name Proper Party reflects that Culver's Statement Form regarding the February 19, 2005, had been provided to the Plaintiff in August, 2005, and it is not until April 17, 2008 that Plaintiff seeks to amend his complaint to add Culver as an additional Defendant.

Unlike the factual situation in Baltrunas v. Sheahan, 161 F.R.D. 56 (N.D. Ill. 1995), no Defendant and no personnel within the Houston County Jail engaged in any type of obstructionism or otherwise try to make service of process difficult to accomplish or the availability of information difficult for the Plaintiff. To the contrary, the original Defendants provided the Plaintiff in their August, 2005 Special Report and Answer the basis upon which Plaintiff now asserts that he has discovered Culver's involvement. As this Court found in Pompey, the Plaintiff has not shown "good cause for his failure to promptly correct his error once he found out that he had named the wrong defendant." Pompey, 321 F. Supp. at 1261. This Court went on to cite Thompson v. Larkins, 46 F.3d 1134 (7th Cir. 1995) (unpublished opinion) for the proposition that a Plaintiff's unexplained failure to file and serve an amended complaint for three weeks after discovering proper Defendant's identity constituted neglect. Id.

In Wayne v. Jarvis, 197 F.3d 1098 (11th Cir Fla. 1999), the factual situation presented for appeal arose out of a *pro se* complaint filed by an inmate in the DeKalb County Jail. The Court held that a Plaintiff's lack of knowledge regarding the identities of the deputy sheriff Defendants did not constitute a "mistake concerning the identity of the proper party" for the purposes of *Fed R. Civ. P. 15(c)(3)(B)*, and therefore that his amended complaint did not relate back. In that case, Wayne argued that his lack of knowledge is the equivalent of a "mistake" and therefore satisfies the *Fed R. Civ. P. 15(c)(3)(B)* requirement. The Court however, held that:

> "[t]he drafters of *Rule 15(c)(3)* included the mistake proviso, as the commentary explains, in order to resolve "the problem of a misnamed defendant" and allow a party "to correct a formal defect such as a misnomer or misidentification." *Fed R. Civ. P. 15(c)(3)*, Advisory Committee Notes to 1991 Amendment. As the Second Circuit observed, "this commentary implies that the rule is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." Barrow, 66 F .3d at 469. Because Wayne's lack of knowledge was not an error, a misnomer, or a misidentification, his amendment does not come within *Rule 15(c)(3)(B)*. While we have stated that "we read the word 'mistake' in *Rule 15(c)* liberally," Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1258 n. 9 (11th Cir. 1983), we do not read the word "mistake" to mean lack of knowledge." For these purposes, *ignorance does not equate to misnomer or misidentification.*"

Wayne v. Jarvis, 197 F.3d at 1103 (emphasis added).

In Wayne, supra the Plaintiff contended that a different application of the relation back rule should apply to him because he filed the complaint as a *pro se* litigant, and the complaints of *pro se* litigants should be liberally construed. *See* Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro se* action, moreover, the court

6

should construe the complaint more liberally than it would formal pleadings drafted by

lawyers.). The Court held that:

> "the problem here is not one of construction; instead, the problem is one of
> lack of compliance with a deadline imposed by law. Liberal construction
> does not mean liberal deadlines. *See* Garvey v. Vaughn, 993 F .2d 776,
> 780 (11th Cir. 1993) (noting that Supreme Court decision at issue had not
> "created an exception for a *pro se* inmate to evade time requirement."). In
> this case, Wayne's problem was not that he drafted his complaint without
> a lawyer, but that he drafted and filed it close to the expiration of the
> statute of limitations and thereby waited too long before setting about to
> find crucial information he needed to make his claim against the deputies.
> Wayne bears the consequences of his own delay. Had he filed earlier, he
> could have learned the deputy sheriffs' identities in time to amend his
> complaint before the statute of limitations ran . . . .
>
> Therefore, it was not the actions of the other Defendants that
> prevented Wayne from learning the identities of the deputy sheriffs until it
> was too late. It was Wayne's own dilatoriness. Accordingly, the district
> court did not err in granting the deputy sheriff's motion to dismiss."

Wayne v. Jarvis, 197 F.3d at 1104.

## CONCLUSION

Based upon the foregoing, Defendant, Corrections Officer Culver moves the Court to

deny Plaintiff's motion to amend complaint and to dismiss this action against him pursuant to

Rule 12(b) of the Federal Rules of Civil Procedure

Respectfully submitted on this the 30th day of April, 2008.


s/Gary C. Sherrer
GARY C. SHERRER (SHE016)
Attorney for Defendants

**OF COUNSEL:**

Sherrer, Jones, & Terry, P.C.
335 West Main Street
Dothan, Alabama 36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, hereby certify that on April 30, 2008, I have electronically filed the foregoing Memorandum Brief in Opposition to Plaintiff's Motion to Amend Complaint Adding New Party Defendant with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kelly Fitzgerald Pate                    Joseph Seawell Moore
Balch & Bingham, LLP                     Balch & Bingham, LLP
105 Tallapoosa Street                    105 Tallapoosa Street
Montgomery, Alabama 36104                Montgomery, Alabama 36104

s/Gary C. Sherrer
GARY C. SHERRER (SHE016)
Attorney for Defendants
SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama 36301
Phone: (334) 678-0100
Fax: (34) 678-0900
E-mail: gary@sherrerjones.com

G:\GCS\BRIEFS\COUNTY\JamesBaileyBrief.doc