IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILLIAM BAILEY, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:05-CV-419-MHT |
| | ) |
| SGT. BONNIN, et al., | ) |
| | ) |
| Defendants. | ) |

## JOINT MOTION TO STAY

Plaintiff James William Bailey, IV (hereafter "Bailey") and Defendants (collectively hereafter "Parties") jointly move this Honorable Court to stay this matter for the reasons set forth below.

1.  Bailey is an inmate in the Alabama Correctional System and is currently housed at the Holman Correctional Facility in Atmore, Alabama. Bailey currently faces various criminal charges, including an assault charge arising from the incident central to this lawsuit. The assault charge was instigated by one or more of the Defendants to this action and is pending before the Circuit Court of Houston County, Alabama ("Houston County Circuit Court"). Indeed, the assault charge against Bailey arose from the exact incident, from which Bailey asserts a claim of excessive force in the present case.

2.  Bailey was set to go to trial on his various criminal charges during the Houston County Circuit Court's criminal trial setting for the week of May 12, 2008. The Parties anticipated that Bailey's assault case would be tried during the May 12 criminal trial setting.

191636.3

3. The Parties learned on May 14, 2008 that Bailey's assault case would be passed to a subsequent Houston County Circuit Court criminal trial setting.[1]

4. The Supreme Court of the United States has held that "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 127 S. Ct. 1091, 1098 (2007). Moreover numerous courts, including the Eleventh Circuit, have held in similar circumstances that a stay is the appropriate course of action. See *Jackson v. Suffolk County Homicide Bureau*, 135 F.3d 254, 257 (2d Cir. 1998); *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989); *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (*per curiam*). Indeed, it is a longstanding principle of law that federal courts should abstain in order to avoid interference with ongoing state criminal proceedings. See *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996); *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

5. Accordingly, Parties request that the Court to stay the present proceedings until Bailey's state court criminal assault case is concluded because the basis of Bailey's complaint in this matter arises from the same set of circumstances that are the subject of the criminal assault case pending before the Houston County Circuit Court.

WHEREFORE, premises considered, Parties respectfully request that this Court to stay this matter indefinitely until Bailey's criminal assault case has ended.

Respectfully submitted this 16th day of May, 2008.

---

[1] Parties contacted the clerk for the Houston County Circuit Court and learned that Bailey's assault case is now docketed for the August 2008 trial term. The Clerk, however, could not give the Parties any assurance that Bailey's assault case would be tried during the August 2008 trial term.

/s/*Joseph Seawell Moore*
One of the Attorneys for Plaintiff

OF COUNSEL:
Kelly F. Pate (FIT014)
Joseph Seawell Moore (MOO106)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36101
334/834-6500
334/269-3115 (fax)

s/*Gary C. Sherrer*
Attorney for Defendants

OF COUNSEL:
Sherrer, Jones & Terry, P.C.
335 West Main Street
Dothan, AL 36301
334/678-0100