**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES WILLIAM BAILEY, IV,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 1:05-CV-419-MHT** |
| | ) | |
| **SGT. BONNIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure*, Plaintiff James William Bailey, IV (hereafter "Bailey") moves this Honorable Court to enter a protective order[1] prohibiting Defendants from taking his deposition.  In support, Bailey shows as follows:

1.      Bailey is an inmate in the Alabama Correctional System and is currently housed at the Holman Correctional Facility in Atmore, Alabama.  Bailey currently faces various criminal charges, including an assault charge arising from the incident central to this lawsuit.  The assault charge was instigated by one or more of the defendants to this action and is pending before the Circuit Court of Houston County, Alabama ("Houston County Circuit Court").  Indeed, the assault charge against Bailey arose from the exact incident, from which Bailey asserts a claim of excessive force in the present case.

2.      Bailey was set to go to trial on his various criminal charges during the Houston County Circuit Court's criminal trial setting for the week of May 12, 2008.  The Undersigned Counsel, through communications with Bailey's criminal attorney, anticipated that Bailey's assault case would be tried during the May 12 criminal trial setting.

---

[1] The grant or denial of a protective order is a matter committed to the court's sound discretion.  *See Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1385, 1362 (11th Cir. 2002).

191636.3

3.    In anticipation of Bailey's assault case being tried the during the May 12 criminal term, the Undersigned Counsel agreed to allow Defendants to depose Bailey on Monday, May 19, 2008.

4.    The Undersigned Counsel learned on May 14, 2008 that Bailey's assault case would be passed to a subsequent Houston County Circuit Court criminal trial setting.

5.    Bailey anticipates that if he is deposed in this present case that Defendants will engage in discovery relating directly to Bailey's criminal assault charge and, therefore, destroying Bailey's protection pursuant to the 5th Amendment to the Constitution of United States of America.

WHEREFORE, premises considered, Bailey respectfully requests that this Court enter a protective order prohibiting Defendants from taking Bailey's deposition, while the assault charges against Bailey before the Houston County Circuit Court are still pending.

Respectfully submitted this 16th day of May, 2008.


/s/Joseph Seawell Moore
One of the Attorneys for Plaintiff


OF COUNSEL:
Kelly F. Pate (FIT014)
Joseph Seawell Moore (MOO106)
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL  36101
334/834-6500
334/269-3115 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States mail, properly addressed and postage prepaid, on this 16th day of May, 2008:

Gary C. Sherrer
Sherrer, Jones & Terry, P.C.
335 West Main Street
Dothan, AL  36301

/s/Joseph Seawell Moore
Of Counsel